## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, | Case No. 6:21-cv-1145 |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Arigna Technology Limited makes the following allegations against Defendant OnePlus Technology (Shenzhen) Co., Ltd., who without authority imports, makes, offers for sale and/or sells in the United States mobile devices that infringe the Patents asserted in this matter.

## PARTIES

1.      Plaintiff Arigna Technology Limited ("Plaintiff" or "Arigna") is an Irish company conducting business at The Hyde Building, Carrickmines, Suite 23, Dublin 18, Ireland. Arigna owns a portfolio of patents that cover radio frequency amplifiers and circuits with applications in a wide variety of consumer electronics products, including smartphones and laptops, as well as power semiconductors for applications in the communications, automotive, industrial automation, and energy industries. Arigna is the owner of all rights, title, and interest in and to United States Patent No. 6,603,343 (the "'343 Patent") and United States Patent No. 8,947,164 (the "'164 Patent").

2.     Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus") is a foreign entity organized under the laws of the People's Republic of China with its principal place of business at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China.

3.     OnePlus is the head of an interrelated group of companies which together comprise one of the leading makers and sellers of smartphones and related devices. OnePlus's privacy policy, for example, refers to OnePlus Technology (Shenzhen) Co., Ltd. and its affiliates as "we, us or OnePlus."[1]

4.     OnePlus and its affiliates, including but not limited to Shenzhen OnePlus Science & Technology Co., Ltd., OnePlus Mobile Communications (Guangdong) Co., Ltd., Shenzhen Yunling Trade Co., Ltd., and OnePlus (Beijing) Marketing Plan Co., Ltd. are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this District in particular.

5.     OnePlus and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies. Thus, OnePlus and its affiliates operate as a unitary business and are jointly and severally liable for the acts of patent infringement alleged herein.

6.     On information and belief, OnePlus does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas. OnePlus has placed or contributed to placing infringing products such as the OnePlus 8, OnePlus 8 Pro, OnePlus 9, and OnePlus 9 Pro mobile devices into the stream of commerce via established distribution

---

[1]   OnePlus, *Privacy Policy* (accessed Nov. 3, 2021), available at: https://www.oneplus.com/global/legal/privacy-policy.

channels knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas. On information and belief, OnePlus has derived substantial revenue from infringing acts in the Western District of Texas, including from the sale and use of these infringing products.

7.    On information and belief, OnePlus designs, manufactures, distributes, imports, offers for sale, and/or sells in the State of Texas and the Western District of Texas mobile devices that infringe the Patents asserted in this matter.

## JURISDICTION AND VENUE

8.    This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    The Court has personal jurisdiction over OnePlus consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. On information and belief, OnePlus has regularly and systematically transacted business in Texas, directly or through affiliates, subsidiaries, or intermediaries, and has committed acts of patent infringement in Texas as alleged more particularly below.

10.    On information and belief, OnePlus transacts substantial business with entities and individuals in the State of Texas and the Western District of Texas by, among other things, importing, offering to sell, distributing, and selling products that infringe the Asserted Patents, including the infringing mobile devices that OnePlus purposefully directs into the State of Texas and this District as alleged herein, as well as by providing service and support to customers in this District, and/or inducing others to commit acts of patent infringement in Texas. OnePlus places the accused mobile devices into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the United States, including

in the State of Texas and this District, and does not otherwise permit the sale of the accused products in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels.

11.     On information and belief, OnePlus has offices in Texas, including in Dallas and Irving, and has agreements with distributors such as T-Mobile that sell to consumers in Texas, including in this District.

12.     OnePlus may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

## THE ASSERTED PATENTS

14.     This complaint asserts causes of action for infringement of United States Patent No. 6,603,343 and United States Patent No. 8,947,164 (together, the "Asserted Patents"). The Asserted Patents are valid and enforceable United States Patents, the entire right, title, and interest to which Arigna owns by assignment.

15.     The Asserted Patents relate to power semiconductor devices using high-frequency RF signals for use in mobile devices, including smartphones, tablets, and computers.

16.     On August 5, 2003, the U.S. Patent and Trademark Office duly and legally issued the '343 Patent, which is entitled "Phase Correction Circuit for Transistor Using High-Frequency Signal." Plaintiff holds all rights and title to the Patent, including the sole and exclusive right to

bring a claim for its infringement. A true and correct copy of the '343 Patent is attached as **Exhibit A**.

17.     The '343 Patent generally claims a phase correction circuit for a transistor using a high-frequency signal. The claimed phase correction circuit stabilizes a phase of an output signal of a transistor even if the transistor's gate potential is increased by a temperature increase or other factors.

18.     To the extent applicable, Plaintiff has complied with 35 U.S.C. § 287(a) with respect to the '343 Patent.

19.     On February 3, 2015, the U.S. Patent and Trademark Office duly and legally issued the '164 Patent, which is entitled "Integrated Technique for Enhanced Power Amplifier Forward Power Detection." Plaintiff holds all rights and title to the Patent, including the sole and exclusive right to bring a claim for its infringement. A true and correct copy of the '164 Patent is attached as **Exhibit B**.

20.     The '164 Patent generally claims a method for accurate power detection in power amplifiers at a low cost, and in which the power detector's design does not affect the design of the power amplifier.

21.     To the extent applicable, Plaintiff has complied with 35 U.S.C. § 287(a) with respect to the '164 Patent.

22.     Plaintiff owns all rights, title, and interest in and to the Asserted Patents and possesses all rights of recovery.

## FACTUAL ALLEGATIONS

23.     As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

24.     OnePlus has no right to practice the intellectual property protected by the Asserted Patents.

25.     OnePlus makes, uses, offers to sell, sells, and/or imports into the United States, products made in accordance with the '343 Patent, including but not limited to the OnePlus 8, OnePlus 8 Pro, OnePlus 9, and OnePlus 9 Pro mobile devices.

26.     OnePlus also makes, uses, offers to sell, sells, and/or imports into the United States, products made in accordance with the '164 Patent including but not limited to the OnePlus 9 Pro mobile device.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 6,603,343**

27.     Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

28.     OnePlus has infringed and continues to infringe at least claim 1 of the '343 Patent in violation of 35 U.S.C. § 271, either literally or through the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States, without authorization, products that practice at least claim 1 of the '343 Patent. OnePlus is liable for its infringement of the '343 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

29.     More specifically, OnePlus designs, manufactures, assembles, imports, offers for sale, and/or sells mobile devices that incorporate the HG11-PG660-200 RF die semiconductor device and infringe at least independent claim 1 of the '343 Patent. For example, the HG11-PG660-200 RF die is found inside the antenna modules and/or other components that come pre-installed in at least the OnePlus 8, OnePlus 8 Pro, OnePlus 9, and OnePlus 9 Pro. The below figure shows one of the antenna modules contained within the OnePlus 9 Pro.

**FIGURE 1**



<u>Source</u>: YouTube, *OnePlus 9 Pro Teardown: Custom Camera Sensor Revealed!* (Apr. 2, 2021),
available at: https://www.youtube.com/watch?v=GXX1WdBHQRM

30.     Claim 1 is illustrative of the '343 Patent. It recites "[a] phase correction circuit for a transistor, comprising: a circuit element having an output terminal connected to a gate of a transistor to which a control signal line is connected, and an input terminal, wherein the circuit element has a reactance that changes with potential difference between the input terminal and the output terminal; and a voltage control circuit supplying a voltage to the input terminal of the circuit element so that the reactance of the circuit element decreases in response to an increase in potential of the gate, wherein a sum of the reactance of the circuit element and a gate-source reactance of the transistor remains substantially constant."

31.     Devices with transceivers, antenna modules, front-end modules (FEMs), and/or other components which incorporate the HG11-PG660-200 RF die meet every element of this claim.[2] The HG11-PG660-200 RF die contains a phase correction circuit for a transistor. For

---

[2] This description of infringement is illustrative and not intended to be an exhaustive or limiting explanation of every manner in which OnePlus's products infringe the '343 Patent.

example, the transmitter portion of the HG11-PG660-200 RF die contains transistors with a phase correction circuit. For instance, a circuit element in the HG11-PG660-200 RF die (hereafter called "MOS-C") forms part of a phase correction circuitry for a transistor in the HG11-PG660-200 RF die (hereafter called "MOS7").

32.     This phase correction circuit contains a circuit element having an output terminal connected to a gate of a transistor to which a control signal line is connected. For example, in the HG11-PG660-200 RF die, the circuit element MOS-C has an output terminal connected to a gate of the MOS7 transistor. It also has an input terminal.

33.     A control signal line is also connected to the gate of the transistor. For example, a control signal line is connected to the gate of the MOS7 transistor through a passive bias network.

34.     The circuit element has a reactance that changes with potential difference between the input terminal and the output terminal. For example, the identified MOS-C circuit element is an NMOS Field Effect Transistor whose source and drain are connected. MOS-C acts as a varactor whose capacitance (and thus reactance) changes according to the potential difference between the input terminal (drain and source node) and the output terminal (gate node).

35.     This phase correction circuit in the HG11-PG660-200 RF die also contains a voltage control circuit supplying a voltage to the input terminal of the circuit element so that the reactance of the circuit element decreases in response to an increase in the potential of the gate. For example, another transistor in the HG11-PG660-200 RF die forms part of the voltage control circuit supplying a voltage to the input terminal of the circuit element MOS-C.

36.     The reactance of the circuit element decreases in response to an increase in potential of the gate, wherein a sum of the reactance of the circuit element and a gate-source reactance of the transistor remains substantially constant. For example, when the magnitude of the gate-source

potential at MOS7 increases, it leads to a reduction in the capacitance of the circuit element (MOS-C). As the gate potential of the MOS7 gets more negative (i.e., the magnitude of gate-source potential increases), the gate-source capacitance of transistor MOS7 increases. This increase is offset, however, by the decrease in the capacitance of the circuit element (MOS-C) that occurs due to the increase in the magnitude of the gate potential of MOS7 such that the sum of capacitance (i.e. reactance) of the circuit element (MOS-C) and transistor (MOS7) remains substantially constant.

37.    OnePlus makes, uses, imports, offers for sale, and/or sells mobile devices, such as but not limited to smartphones, that incorporate the infringing HG11-PG660-200 RF die in their antenna modules and/or other components, including but not limited to the OnePlus 8, OnePlus 8 Pro, OnePlus 9, and OnePlus 9 Pro.

38.    OnePlus has imported and sold, and continues to sell and offer for sale, these mobile devices in the United States, including through OnePlus authorized retailers in the Western District of Texas.

39.    OnePlus committed and is committing the foregoing infringing activities without license from Arigna. OnePlus's acts of infringement have damaged Arigna, as owner and assignee of the '343 Patent. Arigna is entitled to recover from OnePlus the damages it has sustained as a result of OnePlus's wrongful acts in an amount subject to proof at trial. OnePlus's infringement of Arigna's rights under the '343 Patent will continue to damage Arigna.

40.    Beginning no later than the filing of the Complaint, OnePlus has had actual knowledge of the '343 Patent. OnePlus's continued infringement following the filing of this Complaint, despite its knowledge of the '343 Patent and Arigna's infringement allegations, is intentional and deliberate and willful.

41.     In addition, OnePlus has indirectly infringed, and continues to indirectly infringe, the '343 Patent by actively inducing its infringement in violation of 35 U.S.C. § 271(b).

42.     OnePlus's authorized retailers and wireless carriers, such as Verizon and T-Mobile, directly infringe the '343 Patent by selling the OnePlus devices to consumers. Consumers directly infringe the '343 Patent by using the accused OnePlus devices.

43.     OnePlus knowingly induced and induces these acts of infringement with the specific intent to encourage them by taking active steps to encourage and facilitate direct infringement by these third parties, in this District and elsewhere in the United States, through its manufacture and sale of the infringing products, and through its creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the products with knowledge and the specific intent that its efforts will result in the direct infringement of the '343 Patent by these third parties.

44.     Such active steps include, for example, advertising and marketing the infringing products to resellers, wireless carriers, and consumers, obtaining FCC approval for such devices to be utilized in the United States, and distributing and selling such devices to consumers and resellers knowing that they would be marketed, offered for sale, and used in the United States.

45.     OnePlus user guides for the accused products likewise facilitate infringement, instructing consumers about, among other things, how to connect to mobile networks and "switch between 5G and non-5G network[s] to improve battery life."[3] By instructing third parties to turn on and use the accused products for infringing purposes, such as to make and receive calls using the products' antenna modules and connect to 5G mobile networks, OnePlus knowingly induces

---

[3]  OnePlus Support, *OnePlus 8 User Manual*, (accessed Nov. 6, 2021), available at: https://oneplussupport.s3.amazonaws.com/19821+OP8+%E7%94%A8%E6%88%B7%E6%89%8B%E5%86%8C/OnePlus+8+User+Manual+EN.pdf.

these third parties to commit infringing acts.

46.     In addition, OnePlus has indirectly infringed and continues to indirectly infringe the '343 Patent as a contributory infringer in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, infringing products with knowledge that they are especially designed or adapted to operate in a manner that infringes the '343 Patent and despite the fact that the infringing technology is not a staple article of commerce suitable for substantial non-infringing use. OnePlus knowingly incorporates antenna modules and/or other components with the infringing HG11-PG660-200 RF die into the accused OnePlus products such that they operate in an infringing manner. For example, OnePlus's user guide for the OnePlus 8 indicates that the device may engage the antenna modules to connect to a mobile network without any user prompt when, "[i]n case of network delay, it automatically switches to a better network, which may consume mobile data."[4] By incorporating such antenna modules into its products, OnePlus contributes to infringing use as consumers access mobile networks using the antennas of the accused products, which lack substantially non-infringing uses because the accused products are designed and manufactured to operate as smartphones in a manner that infringes the '343 Patent.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 8,947,164**

47.     Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

48.     OnePlus has infringed and continues to infringe at least claim 1 of the '164 Patent in violation of 35 U.S.C. § 271, either literally or through the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States,

---

[4] *Id.*

without authorization, products that practice at least claim 1 of the '164 Patent. OnePlus is liable for its infringement of the '164 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c).

49. More specifically, OnePlus designs, manufactures, assembles, imports, offers for sale, and/or sells mobile devices that incorporate the Qualcomm SDR868 transceiver and Skyworks SKY58081-11 front-end module, and/or other components, which infringe at least independent claim 1 of the '164 Patent.

50. For example, the SDR868 transceiver and SKY58081-11 front-end module come preinstalled in certain OnePlus mobile devices, including the OnePlus 9 Pro. Figure 2 identifies these components in the OnePlus 9 Pro.

**FIGURE 2**



Source: Tech Insights.

51.     Claim 1 is illustrative of the '164 Patent. It recites "[a] power amplifier with power detection, comprising: a radio frequency (RF) power amplifier having a gain stage that includes a gain stage input, a gain stage output, and a feedback loop coupled between an input and an output of the power amplifier; a detection circuit having a first detection circuit input electrically coupled to the gain stage input and having a detection circuit output; an amplitude control circuit and a phase control circuit electrically coupled together in series between the gain stage output and a second detection circuit input; wherein the amplitude control circuit and the phase control circuit produce a signal received by the second detection circuit input so that the detection circuit detects a signal at the output of the detection circuit that has a power proportional to a forward power output of the power amplifier."

52.     The SDR868 transceiver and SKY58081-11 front-end module, as installed by OnePlus in at least the OnePlus 9 Pro, meet every element of this claim.[5]

53.     A power amplifier is present in the SKY58081-11 with power detection provided by the SDR868. For example, product documentation for the SKY58081-11 states that it contains "a low-band 3G/4G/5G PA block" among other components, denoting its power amplifier (PA).[6]

54.     The SKY58081-11 front-end module contains a radio frequency (RF) power amplifier having a gain stage that includes a gain stage input and a gain stage output. A feedback loop is coupled between an input and an output of the power amplifier.

55.     The SDR868 contains a detection circuit having a first detection circuit input electrically coupled to the gain stage input and having a detection circuit output. For example, the gain stage input of the power amplifier in the SKY58081-11 is electrically coupled to a first

---

[5] This description of infringement is illustrative and not intended to be an exhaustive or limiting explanation of every manner in which OnePlus's products infringe the '164 Patent.
[6]     Skyworks,    *SKY58081-11*    (accessed    Nov.    2,    2021),    available    at: https://www.skyworksinc.com/en/Products/Front-end-Modules/SKY58081-11.

detection circuit input in the SDR868.

56.    The SDR868 and SKY58081-11 also contain an amplitude control circuit and a phase control circuit electrically coupled together in series between the gain stage output and a second detection circuit input. For example, the phase control circuit consists of an inductor and a capacitor in series with a low noise amplifier acting as an amplitude control circuit.

57.    The amplitude control circuit and the phase control circuit produce a signal received by the second detection circuit input so that the detection circuit detects a signal at the output of the detection circuit that has a power proportional to a forward power output of the power amplifier. For example, the amplitude and phase control circuit produce a signal that is received into the mixer of the detection circuit (second input). The mixer also receives a LO signal (first input) and the result is used to estimate the forward power output of the power amplifier in the front-end module.

58.    OnePlus makes, uses, imports, offers for sale, and/or sells mobile devices that incorporate the infringing combination of SDR868 and SKY58081-11 components, and/or others that perform in substantially equivalent manners, including the OnePlus 9 Pro.

59.    OnePlus has imported and sold, and continues to sell and offer for sale, these mobile devices in the United States, including through OnePlus websites (oneplus.com) and OnePlus authorized retailers in the Western District of Texas.

60.    OnePlus committed and is committing the foregoing infringing activities without license from Arigna. OnePlus's acts of infringement have damaged Arigna, as owner and assignee of the '164 Patent. Arigna is entitled to recover from OnePlus the damages it has sustained as a result of OnePlus's wrongful acts in an amount subject to proof at trial. OnePlus's infringement of Arigna's rights under the '164 Patent will continue to damage Arigna.

61.     Beginning no later than the filing of this Complaint, OnePlus has had actual knowledge of the '164 Patent. OnePlus's continued infringement following the filing of this Complaint, despite its knowledge of the '164 Patent and Arigna's infringement allegations, is intentional and deliberate and willful.

62.     In addition, OnePlus indirectly infringed, and continues to indirectly infringe, the '164 Patent by actively inducing its infringement in violation of 35 U.S.C. § 271(b).

63.     OnePlus's authorized retailers and wireless carriers, such as Verizon and T-Mobile, directly infringe the '164 Patent by selling the accused OnePlus devices to consumers. Consumers directly infringe the '164 Patent by using the accused OnePlus devices.

64.     OnePlus knowingly induced and induces these acts of infringement with the specific intent to encourage them by taking active steps to encourage and facilitate direct infringement by these third parties, in this District and elsewhere in the United States, through its manufacture and sale of the infringing products, and through its creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the products with knowledge and the specific intent that its efforts will result in the direct infringement of the '164 Patent by these third parties.

65.     Such active steps include, for example, advertising and marketing the infringing products to resellers, wireless carriers, and consumers, obtaining FCC approval for such devices to be utilized in the United States, and distributing and selling such devices to consumers and resellers knowing that they would be marketed, offered for sale, and used in the United States. OnePlus user guides for the accused products facilitate infringement, instructing consumers how to, among other things, "press and hold the power button to turn on the device when the device is

off" and "logically match 5G network to improve battery life."[7] By instructing third parties to turn on and use the accused products and connect to mobile networks, OnePlus knowingly induces these third parties to commit infringing acts as the power detection functions of the infringing products operate.

66.    In addition, OnePlus has indirectly infringed and continues to indirectly infringe the '164 Patent as a contributory infringer in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, infringing products with knowledge that they are especially designed or adapted to operate in a manner that infringes the '164 Patent and despite the fact that the infringing technology is not a staple article of commerce suitable for substantial non-infringing use. OnePlus knowingly incorporates specific transceivers and front-end modules into the accused products such that they operate in an infringing manner.

67.    OnePlus's user manual for the OnePlus 9 Pro illustrates this, as it describes the device's detection and control the amount of power of its transmitted radio frequency signal when in use: "This device is designed and manufactured not to exceed the emission limits for exposure to radio frequency (RF) energy set by the Federal Communications Commission of the U.S. Government."[8] The user manual further indicates that "[t]he device is designed to operate at multiple power levels so as to use only the power required to reach the network"[9] By knowingly incorporating into its products devices that perform these power detection functions in an infringing manner, OnePlus contributes to infringing use as consumers turn on and use the accused products, which lack substantially non-infringing uses because the accused products are designed

---

[7] OnePlus Support, *OnePlus 9 Pro User Manual*, (accessed Nov. 6, 2021), available at: https://oneplussupport.s3.amazonaws.com/9+Pro+UM/OnePlus+9+Pro+User+Manual_EN.pdf.
[8] *Id.*
[9] *Id.*

and manufactured to operate as smartphones in powered-on, transmitting modes that infringe the '164 Patent.

## DEMAND FOR JURY TRIAL

68.     Plaintiff Arigna hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arigna Technology Limited requests entry of judgment in its favor and against OnePlus as follows:

A.     Declaring that OnePlus has infringed United States Patent No. 6,603,343;

B.     Declaring that OnePlus has infringed United States Patent No. 8,947,164;

C.     Declaring that OnePlus's infringement of United States Patent No. 6,603,343 has been willful and deliberate, at least from the filing of this Complaint;

D.     Declaring that OnePlus's infringement of United States Patent No. 8,947,164 has been willful and deliberate, at least from the filing of this Complaint;

E.     Awarding damages to Plaintiff in an amount no less than a reasonable royalty for OnePlus's infringement of United States Patent No. 6,603,343 and United States Patent No. 8,947,164, together with treble damages for willful infringement, prejudgment and post-judgment interest, and costs as permitted under 35 U.S.C. § 284;

F.     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

G.     Ordering OnePlus to pay supplemental damages to Arigna, including any ongoing royalties and interest, with an accounting, as needed; and

H.     Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  November 8, 2021                 Respectfully submitted,

/s/ *Charles L. Ainsworth*

Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
Email: charley@pbatyler.com
Email: rcbunt@pbatyler.com

Matthew R. Berry
Andres Healy
John E. Schiltz
Kemper Diehl
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880
Fax: (206) 516-3883
Email: mberry@susmangodfrey.com
Email: ahealy@susmangodfrey.com
Email: jschiltz@susmangodfrey.com
Email: kdiehl@susmangodfrey.com

*Attorneys for Arigna Technology Limited*